Dennis L. **KUCERA** and Eileen R. Kucera, Appellants,

v.

**CITIZENS BANK & TRUST CO.** and Dan B. McNair, Appellees.

No. 84–2178.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 19, 1984.

Decided Feb. 8, 1985.

Rehearing and Rehearing En Banc Denied April 10, 1985.

Leininger, Grant, Rogers & Maul, Columbus, Neb., for appellees.

Dennis L. Kucera and Eileen R. Kucera, pro se.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Dennis and Eileen Kucera appeal from the district court's[1] dismissal of their complaint for failure to state a claim. For reversal, the Kuceras allege that their complaint stated violations of the Truth in Lending Act (Act), 15 U.S.C. § 1601 *et seq.* (1982), by the Citizens Bank & Trust Company (Bank), and Dan B. McNair, an employee of the Bank.[2]

After carefully reviewing the record, we agree that the district court properly dismissed the complaint. The Kuceras' argument that the Bank violated the general disclosure requirements of the Act is barred by the Act's one-year period of limitation. 15 U.S.C. § 1640(e). Moreover, all of the loans are exempt from coverage under the Act's right-of-rescission provision. The right of rescission only applies to loans secured by the debtor's principal place of residence. 15 U.S.C. § 1635(a). Although the Kuceras alleged that the loans were secured by their principal place of residence, all of the loans show they were secured by a 1978 security agreement, and that they were renewal or refinancing transactions. "[A] transaction which constitutes a refinancing * * * of an existing extension of credit by the same creditor secured by an interest in the same property" is exempt from the right-of-rescission provision. 15 U.S.C. § 1635(e)(1)(B). Therefore, even if the loans were secured by the Kuceras' principal residence, the seven refinancing transactions are exempt from coverage under the right-of-rescission.

The Kuceras' complaint also sets forth a variety of additional claims listing numerous federal statutes, state and federal constitutional provisions, and assorted equitable principles as bases of jurisdiction. We have carefully reviewed the complaint and agree with the district court that the additional claims are without merit. Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

2. Many similar actions brought under the Truth in Lending Act have recently been appealed to this Court. *See, e.g., K/O Ranch, Inc. v. Norwest Bank of Black Hills,* 748 F.2d 1246 (8th Cir.1984). We find the reasoning of this case applicable and controlling here.